Dear Mayor Smith:
Reference is made to your request for an Attorney General's Opinion regarding the permissibility of the use of the public funds of the Town of Arcadia for the mowing of cemeteries located within the Town of Arcadia. It is our understanding that some of the cemetery property in question is privately owned, although at least a portion of one cemetery may have been dedicated to the public or to the Town.[1]
The issues raised by your request must be addressed in light of the provisions of La. Const. (1974) Art. VII, Sec. 14, which contains the constitutional standard for the lawful use of public funds and property. This constitutional provision generally prohibits the state and its political subdivisions from loaning, pledging or donating public funds, assets or property to or for any person, association or corporation, public or private.
This office has long recognized the caution which must be exercised in the expenditure of public funds. Historically, the Attorney General's office has followed the Louisiana Supreme Court's interpretation of La. Const. Art. VII, Sec. 14, as set forth in City of Port Allen v. Louisiana Municipal Risk,439 So.2d 399 (La. 1983), wherein the Court states: " this Section is violated whenever the state or a political subdivision seeks to give up something of value when it is under no legal obligation to do so." The previous opinions of this office recognize that the requirement of a legal obligation to expend public funds or use public property is the threshold predicate for the constitutionality of such an expenditure or use.[2]
Pertinently, in City of Port Allen, supra, the Court stated:
 " even if political subdivisions cooperate for a public purpose, they still may not give away their assets to other political subdivisions, the United States government or public or private associations or corporation or to individuals merely for a public purpose'."
See also: Attorney General's Opinions Nos. 02-0125 and 01-0389.
This office is not aware of, nor did our research reveal, any provision of law which would obligate or authorize a municipality to undertake responsibility for the maintenance or upkeep of privately held cemeteries, or to utilize the public funds entrusted to it for such purposes. As such, we are constrained to opine that La. Const. Art. VII, Section 14 prohibits the Town of Arcadia from using public funds for the mowing of cemeteries that are privately held or owned.
On the other hand, it is our opinion that LSA-R.S. 8:101, et seq., specifically at LSA-R.S. 8:104 authorizes the Town of Arcadia to maintain "any cemetery title to which is in the public and under the control and management" of the Town. In this regard, we also direct your attention to the definition of "municipal cemetery" contained in LSA-R.S. 8:1(31).
If it is determined that a particular cemetery located within the Town is not a municipal cemetery and is not being privately maintained, and that the Town and public's best interests would be served by the Town's maintenance of such cemetery property, the Town may wish to consider expropriation of the cemetery property, in accordance with the provisions of LSA-R.S. 8:108 and 112. Expropriation pursuant to these provisions of law would, in our opinion, provide the Town with the ability to maintain and continue mowing such cemetery property.
In reaching our determination herein, we are guided by the reasoning and conclusions set forth in certain previous opinions of this office. Attorney General's Opinion No. 02-0292 which determined that the public funds of a parish could not be used for the installation or maintenance of lights on private property, along private streets or roads, or in subdivisions where the streets and roads had not been dedicated and accepted for public use. Attorney General's Opinion No. 77-1594 which concluded that a police jury could not perform road work on private driveways and roads if the benefits of the work would inure only to the owner of the properties enhanced thereby and no substantial public purpose was served. Attorney General's Opinion No. 78-1643 which concluded that public labor, materials and funds could not be spent for maintenance of a road that was not used by the public at large. Attorney General's Opinion No. 04-0243, which determined that the Parish of Livingston could not expend public funds to repair a bridge on private property unless the repairs were for a public benefit, i.e. the public at large as distinguished from a single landowner.
We trust the foregoing to be of assistance, and hope that you will not hesitate to contact us if we can be of assistance in other areas of the law.
Yours very truly,
 CHARLES C. FOTI, JR. Attorney General
 BY: ________________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
CCF, jr./JMZB/dam
[1] We have read the document included with your request, including the Title Opinion rendered by Jonathan M. Stewart, which appears inconclusive regarding ownership of part of the property comprising the "Old Arcadia Cemetery", but indicates that at least a portion of the cemetery may have been dedicated to the Town of Arcadia. Please be advised that it is beyond the purview of this office to review or verify title documents, to determine or verify the ownership of property, to determine or verify whether the cemetery property has been dedicated to the public or the Town.
[2] Although the requirement of a legal obligation is the threshold predicate for the constitutionality of an expenditure of public funds, it is not, the only predicate. The expenditure must also be for a public purpose and create a public benefit proportionate to its cost. Attorney General's Opinion No. 90-63.